# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BASEL ACTION NETWORK**, *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 03-2000 (RMC)** |
| | ) | |
| **MARITIME ADMINISTRATION**, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION ON MOTION FOR COSTS AND FEES

Basel Action Network ("BAN"), a sub-project of the Tides Center, and The Sierra

Club sued the Maritime Administration ("MARAD") and its administrator on September 26, 2003

for allegedly violating the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2605(e), by

planning to tow derelict ships containing polychlorinated byphenyls ("PCBs") to the United

Kingdom for shipbreaking without first petitioning the Environmental Protection Agency ("EPA")

for an exemption to the ban on PCB exports.  MARAD filed such a petition with the EPA on July

29, 2004, the day before it filed for summary judgment in this case.  The Court dismissed Plaintiffs'

TSCA claim in March of 2005 on jurisdictional grounds because Plaintiffs had not provided 60-day

prior notice of their intent to sue pursuant to 15 U.S.C. § 2619(b).  *See Basel Action Network v.*

*Maritime Admin.* ("*BAN v. MARAD*"), 370 F. Supp. 2d 57, 75 (D.D.C. 2005).  The Sierra Club[1]  now

moves the Court for an award of attorneys' fees and costs under the "catalyst" theory, arguing that

its lawsuit prompted MARAD to comply with the law.  The Court concludes that it lacks jurisdiction

---

[1]  In its March 2, 2005 Memorandum Opinion, the Court found that Plaintiff Basel Action Network did not have associational standing and dismissed it from the suit.  *See BAN v. MARAD*, 370 F. Supp. 2d at 70.

to award fees.  Even with such jurisdiction, the Court would not find fees appropriate under *Sierra Club v. EPA*, 322 F.3d 718, 726-27 (D.C. Cir. 2003), *reh'g and reh'g en banc denied* (June 5, 2003), *cert. denied*, 540 U.S. 1104 (2004).  Accordingly, The Sierra Club's motion for attorneys' fees will be denied.

## I. BACKGROUND

The facts relevant to the motion for attorneys' fees can be quickly summarized.[2]  On September 17, 2003, the original plaintiffs notified MARAD of their intent to file a TSCA claim. They filed this lawsuit on September 26, 2003, to pursue that claim, among others.  *See BAN v. MARAD*, 370 F. Supp. 2d at 75.  MARAD filed a motion for summary judgment on July 30, 2004, stating *intera alia* that it had filed a PCB export petition with EPA on July 29, 2004.  That petition constituted most of the benefit Plaintiffs had sought in their TSCA claim.

The Court granted summary judgment to MARAD.  *See id.* at 79.  As to the TSCA claim, the Court determined:

> Plaintiffs provided their notice of intent to sue under TSCA on September 8, 2003 and filed their original complaint on September 26, 2003, less than sixty (60) days later.  Plaintiffs' complaint clearly asserted a violation of TSCA. . . . The initial complaint attempted to bring these TSCA claims under the APA to avoid the 60-day notice period in the citizen's suit provision of TSCA.  Compl. at ¶¶ 35-36.  After sixty days had passed, Plaintiffs filed an amended complaint to bring their TSCA claims directly under that law.

> Having failed to forego suit until after the full 60 days had passed, Plaintiffs have failed to comply with the terms by which the United States has waived its sovereign immunity.  Accordingly, their TSCA allegations must be dismissed.

---

[2] The Court refers the reader *BAN v. MARAD* for a description of the underlying facts and litigation. *See BAN v. MARAD*, 370 F. Supp. 2d at 61-63.

*Id.* at 75.

## II.  LEGAL STANDARDS

TSCA provides for the recovery of fees and costs "if the court determines that such an award is appropriate."  15 U.S.C. § 2619(c)(2).  Under this provision, recovery of costs and fees may be had when a party's litigation efforts serve as a "catalyst" for the defendant providing "some of the benefit sought" by the lawsuit.  *Sierra Club v. EPA*, 322 F.3d at 726-27.  The catalyst theory permits recovery under fee-recovery provisions like TSCA's when plaintiffs "obtain, through settlement or otherwise, substantial relief prior to adjudication on the merits."  *Id.* at 719.

To determine whether a fee award is appropriate, the court examines three factors: (1) whether the defendant provided "some of the benefit sought;" (2) whether "the suit stated a genuine claim, *i.e.*, one that was at least 'colorable,' not 'frivolous, unreasonable, or groundless;'" and (3) whether the suit "was a 'substantial' or 'significant' cause of defendant's action providing relief."  *Id.* at 726-27 (citations omitted).  To show causation, a plaintiff must demonstrate that the suit achieved results "by threat of victory," rather than "by dint of nuisance and threat of expense." *Id.*

Rule 54(d) of the Federal Rules of Civil Procedure provides the avenue whereby a party may seek costs and/or attorneys' fees.  The motion here is timely and in accord with those provisions.[3]

## III.  ANALYSIS

Like a King of yore, the United States cannot be sued without its consent.  In regard

---

[3] Rule 54(d)(2)(B) requires that a motion for fees be filed within 14 days of entry of judgment.

to federal compliance with TSCA, that consent is conditioned on 60 days' notice that a plaintiff is about to sue.  The 60-day notice period is mandatory and cannot be waived.  *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989).  Although *Hallstrom* was interpreting a similar clause under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 (1984), the Supreme Court has expressly noted that the same analysis applies to the citizen-suit provisions of TSCA.  *See Hallstrom,* 493 U.S. at 23 n.1.  A defective notice cannot be cured by the filing of an amended complaint after the required notice period.  *See Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76, 82 (1st Cir. 1985) (cited with approval in *Hallstrom*, 493 U.S. at 30-31).

The Sierra Club no longer contests these precepts.  Instead, it cites *Kopet v. Esquire Realty Co.*, 523 F.2d 1005, 1008-09 (2d Cir. 1975), and *Thomas v. Honeybrook Mines, Inc.*, 428 F.2d 781, 984-85 (3d Cir. 1970), for the proposition that fees may be awarded under the catalyst theory even when a case is dismissed on jurisdictional grounds.  The Court need not analyze either of these cases, however, because they do not represent actions against the federal sovereign. Whatever the rule might be as between inferior litigants, no recovery is allowed against the United States unless it has consented to be sued and its consent "will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  The United States has consented to be sued under TSCA *only* if a plaintiff gives prior notice.  15 U.S.C. § 2619(b).  That consent must be strictly construed, whether a plaintiff is seeking a remedy on the merits or a catalyst fee recovery.  There is no such consent here because The Sierra Club failed to give proper notice. Therefore, there can be no recovery.

This conclusion is supported by the precision of the citizen-suit provisions in TSCA. *See* 15 U.S.C. § 2619.  First, pursuant to 15 U.S.C. § 2619(a)(1), citizen suits are allowed against

-4-

any person, including the United States, alleged to be in violation of the statute.  Second, 60 days'

prior notice must be afforded to the Administrator of EPA and any alleged TSCA violator before suit

can be filed.  *Id*. at § 2619(b).  Third, fees and costs may be awarded, if appropriate, "in any action

brought pursuant to subsection (a)."  *Id*. at  § 2619(c).  The Sierra Club's TSCA suit was infirm from

the beginning.  Because it failed to provide the required 60-day notice, The Sierra Club could not

commence a claim under subsection (a) and thus does not fall within the fee recovery provision of

subsection (c).  *See Citizens Ass'n of Georgetown v. Washington*, 535 F.2d 1318, 1323 (D.C. Cir.

1976).

   Finally, the Court will not award fees and costs in this matter as a matter of its

discretion because such an award would not be "appropriate."  15 U.S.C. § 2619(c)(2).  Because the

claim was premature, Plaintiffs' initial complaint brought the TSCA claim under the guise of a claim

under the Administrative Procedure Act, 5 U.S.C. § 702.  Judicial review is precluded under the

APA when a remedy is available under a citizen suit provision of an environmental statute.  *See BAN

v. MARAD*, 370 F. Supp. 2d at 57, 76 (collecting cases).  The Sierra Club is a sophisticated

environmental and administrative-law litigant.  It is difficult to find that its initial APA claim was

"at the least, 'colorable,'" given that it was raised under the wrong statute.  *Sierra Club v. EPA*, 322

F.3d at 726.  In addition, the Court cannot find that MARAD finally petitioned the EPA for a waiver

from the export ban due to the "threat of victory," *id.*, posed by the TSCA allegations in the instant

action.  The United States had almost a slam-dunk argument that the TSCA allegations were

premature, despite the fact that Plaintiffs filed an amended complaint after 60 days had passed.  *See

Hallstrom*, 493 U.S. at 30-31 (citing *Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76 (1st Cir. 1985)); *see

also Hallstrom,* at 29-30 (explaining that strict enforcement of the 60-day delay provision was part

of the balance struck by Congress "despite the potential damage to the environment that could

ensue").

### V.  CONCLUSION

For the foregoing reasons, The Sierra Club's Rule 54(d) Motion for Costs and Fees

will be denied.  A separate order accompanies this memorandum opinion.


_/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: January 3, 2006.